## WELLS v. MITCHELL.

High Court of Errors and Appeals. August 11, 1798.

*Bayard's Notebook, 231.*

Present: KILLEN, Chancellor. READ, Chief Justice [of the] Supreme Court, BASSETT, Chief Justice [of the] Common Pleas. CLAYTON, JOHNS, and RODNEY, [Justices].

The case was [that] John Dagworthy in 1759 obtained patents from the Proprietary of Maryland for two tracts of land, one called "Pleasant Grove enlarged," containing 9,380 acres, the other "Wilderness," containing 8,380 acres. On the 7th April, 1774, he obtained a warrant to resurvey the aforesaid two tracts and to include a slip of vacancy lying between them and also to add vacancies adjoining. The appellant had a certificate of resurvey made under said warrant by Rhodes Shankland, dated 13th April, 1774. This resurvey contained the said slip, which was 58 acres, and vacancies added of 6,243 acres exclusive of some small tracts, the quantity of which could not be ascertained. The whole was said to contain 20,380 acres. These lands were devised by the will of J. Dagworthy to the wife of the appellant. The 3rd May, 1775, a *caveat* had been entered in the Land Office

at Philadelphia by James Derickson and others against the confirmation of the said resurvey. The fees of the resurvey were paid to John Lukens, Surveyor General of Pennsylvania, in 1784. The respondent Mitchell had a proprietary warrant for a parcel of land within the lines of the resurvey and was in possession of other lands adjacent and within the lines of the resurvey from the date of the resurvey. Mitchell obtained a warrant from the Recorder of Sussex for parcel of the said lands not within his patent. The appellant entered a *caveat,* and the Board of Commissioners adjudged to Mitchell the land he had taken up by the warrant, considering it as vacant and, consequently, the resurvey as giving no title. From this judgment the appeal was taken.

This case was argued on the 11th by *Ridgely* and *Bayard* for appellant and *Wilson* for respondent, and the Court took time to advise till the 12th, when READ, Chief Justice [of the] Supreme Court, delivered their unanimous opinion that the judgment of the Board of Commissioners should be reversed. He observed that the Board had no power to make grants of any land which was not vacant. That the lands in question, which had been granted, could not be deemed vacant unless, under the construction of the third section of the Act supplementary to the Act for opening the Land Office, and that the Court did not consider that section as extending to the present case. They therefore considered the lands not vacant and, of consequence, not liable to be affected by proceedings before the Commissioners.

Judgment of the Board of Commissioners reversed.

---

High Court of Errors and Appeals. August 11, 1798.

*Bayard's Notebook, 233.*

In the last vacation ROBINSON, Associate Judge of the Supreme Court, resigned and was succeeded by ISAAC COOPER, Esq.